and Pete Hexeth in his capacity as Secretary of Defense at Balance, Mr. Janda for the At-Balance and Ms. Kim for the Apple-Ease. Mr. Protha. Thank you, Your Honor, and may it please the Court. Sean Janda for the Federal Government. I'd like to reserve five minutes of my time for rebuttal, if I may. Congress has provided that noncitizens who serve in the military may take advantage of an expedited path to naturalization, but only if they have served honorably. And Congress has further provided that the military shall determine whether any particular noncitizen meets that standard. Notwithstanding that statutory language, the District Court concluded that the statute provides no authority to the military to establish standards defining the boundaries of the honorable service requirement. That decision is irreconcilable with the statutory text, and it's undercut by the substantial history, the decades-old history, of the military making honorable service determinations and characterizations and exercising substantial discretion in fixing the boundaries of the requirements that service members must meet. Can you focus on mootness, please? Sure, Your Honor. So our best understanding is that the case is not moot, primarily because parts of the injunction continue to coerce the Department's conduct, and because the Department is actively considering this issue and may choose to reimpose new minimum service requirements. But if we think it's moot and we vacate the lower court's decision, doesn't that solve all your problems? Yeah, we don't have a sort of particularly strong objection to that. I think we try to give you our best understanding of the circumstances, and I think, candidly, we don't want the court or the plaintiffs to feel misled. If there's a Munsingware vacater and the Department chooses to reimpose new requirements at some point shortly thereafter, I think we'll make everyone clear that that is certainly a possibility. But so long as the court follows the Munsingware practice and vacates the judgment below, we do not have a strong objection to that resolution of this appeal. But if there are no other questions on mootness, I'm happy to take them. Do you agree that the case is otherwise moot? So we think that the two primary things are the fact that the injunction continues to coerce the Department and the fact that this may well be reimposed at some point in the future, as we explained to our supplemental brief. But being reimposed at some point in the future doesn't prevent this from being moot. That's speculative. Again, I think our best understanding is that there's a more than speculative chance, given that the Department is actively considering this issue. But I don't want to fight the court too hard. I think we would be perfectly happy with a decision that vacates the judgment below. But a record that just says we're considering it doesn't indicate that it's likely or not likely or anything. It's just, as far as we know, speculative, because we have no idea how things are going as you're considering whether to do this or not. And so it just seems speculative. Like I said, I don't think we have a huge objection if the court sort of views the representations that we've been making as not providing a firm basis for thinking that there's a more than speculative chance that the Department will do this, so long as the court vacates the judgment. And then the third thing, which I would just say is that we focused a little bit in our supplemental brief on some concerns we have about the possibility that plaintiffs in the future will argue that the judgment, if it remains in place, has a preclusive effect. But any argument that relies on the district court judgment, if we vacate it, none of that matters, right? Correct. We have no strong objection to the court vacating the judgment below. To summarize what we've been discussing, it seems to me that to the extent that you're saying we might do this again, that's moot because it's speculative. And to the extent you're saying the remaining judgment or the judgment of the district court, if it remains in effect, hampers us or does things, that is taken care of if we vacate that judgment. Again, I don't want to say I agree with the first part. I mean, I think, as I said, our best understanding is that it's more than speculative at this point, but I don't want to fight. It's your best understanding without telling me that you're likely going to do this. That has no effect on my decision making. Like, if your understanding is it's not speculative, but you don't share with the court why that is so, I can't rely on that, can I? No, sorry. I was not trying to say that my personal understanding is that it's more than speculative. I was trying to say that our best reading of this court's precedents and the more than speculative standard as applied to the representations that we have made to the court is we think that those representations. Is there any prior precedent of this court that says just because you're considering it, that makes it not speculative? Because my reading is it has to be more than that. No. Tell me what cases you're relying on that inform your best understanding. I don't think we have a particular case that says that, Your Honor. That being said, I think. What is the basis of your understanding of our case law? So I think that the discussion in the public citizen case that we talked about in our supplemental brief, which I think finds that the possibility of the conduct reoccurring being not more than speculative, was based on the understanding that there were kind of a number of outside contingencies that would have to happen before the plans for the project would be reinvigorated. Here, as I said, we don't think there's any outside circumstances that would have to change. I mean, the department could decide tomorrow if it wanted to issue new requirements. All we're relying on is the internal deliberations of the government, which we are not privy to. As I said, I don't want to fight the court too hard about this. I think if you look at the representations we've been able to make to the court and you think that those are speculative, we do not object to the court finding the appeals moved and vacating the judgment. If there are no other questions, I may be happy to address the merits of the court would like or to see my time. On the merits, it seemed to me that the parties spent a lot of time debating, you know, what's honorable service, that type of thing. But it seemed to me that implicit in a finding of honorable service is some period of time to evaluate service. And that didn't seem to be the focus of the briefing, but that seemed to be a textual argument that supports the secretary's ability to impose some kind of time limit or time requirement being in service. Because how do you determine if it was honorable if there's no time limit to evaluate that? I think that's exactly right, Your Honor. And I think that certainly is articulated in the Miller Declaration that's in the Joint Appendix, that was sort of a declaration that explained by the military imposed the particular policy in October 2017. And I think that underlies what's been an exceedingly long history of the military considering length of service and in many circumstances refusing to certify honorable service on service members first day in service. I mean, going back to World War I, we cite the Patterson case about someone who had sort of been in the military for four days. And the military is saying that's not enough time to have earned an honorable characterization of your service. And so I think that's exactly right. I think Congress would find it pretty surprising to learn that they had enacted a law that requires the military the day that someone steps off the bus at basic training to certify that they have served honorably in the sort of hours that they have been at basic training. And so I think certainly the court, if it were to reach the merits, would be well-placed to rely on, I think, that history and that sort of common understanding of what Congress has done here. If there are no further questions, I'd be happy to see them. May it please the Court. Scarlett Kim on behalf of Plaintiffs Appellees. This case concerns the expedited pathway to citizenship Congress created for non-citizens serving in the military during armed conflict so that they have an opportunity to naturalize before deploying overseas and risking their lives for our country. As a threshold matter, this case is moot because the government rescinded the challenged policy nearly four years ago, because the government is merely considering whether to issue a new policy, and because the class is closed and the injunction has no ongoing effect. And you agree that if it's moot, we should vacate the district court's decision? We do not believe that vacater is warranted, Your Honor, under U.S. Bancorp. In U.S. Bancorp, the Supreme Court stated that the question of whether or not to vacate is dependent on a principal condition, which is whether or not the party seeking relief from the judgment below mooted the action via voluntary action. And we believe here that it's quite clear that the government mooted the action against it through its own voluntary action. It sought five extensions on its merits briefing, and then it voluntarily rescinded the policy and has taken nearly four years to merely study the issue. It has had a long runway to reinstate or reissue a new policy, and it has not done so. But why should we leave that precedent outstanding when there hasn't been an opportunity for appellate review because of the mootness that occurred during the pendency of the case? I think the Supreme Court in Bancorp is clear that when the government itself or, as it were, the defendant, has through its own voluntary actions, not through happenstance, mooted the action. But it doesn't seem like they were trying to manipulate jurisdiction or mootness or anything of that nature here, and it just seems incorrect to leave something on the books where the litigation was not complete. So in Bancorp, the Supreme Court didn't suggest that the voluntary action had anything to do with manipulating the court's jurisdiction. There, the mooting action was a settlement, and there was no question that the settlement was entered into in bad faith. So we have some discretion here. Why should we exercise our discretion to leave this district court? Well, I think, yes, Your Honor, I think there are potentially some troubling consequences if related to the gamification of litigation. Let's say an agency disagrees with the district court judgment below. It could always seek to try and moot the action to simply vacate instead of pursuing the appeal. But that doesn't seem to be the case here. Like, they wanted this appeal to proceed so that they could litigate on the merits. They think they're correct on the merits. So I just don't. But go ahead. Why should we? Yes, Your Honor, I would just simply state that I think as a matter of principle, Bancorp is clear that when the party has mooted the action through its own voluntary action, vacater is not warranted. And I would just point the court to two circuit courts. Justice Scalia's opinion also said that there may be extraordinary circumstances that would warrant vacating the judgment, even when it was the defendant who lost that brought about the moots. What kind of circumstances do you suppose he had in mind? I'm not quite sure what those circumstances would entail, Your Honor. I can't think of what would be so extraordinary as to warrant vacater. That was a settlement. Yes, Your Honor. And the problem that the court faced was because the losing party didn't file a motion to vacate. I believe, Your Honor, that it was a court of appeals decision, not a district. My understanding, Your Honor, is that the motion to vacate the parties in the decision not to file the motion to vacate was in the underlying facts for Munsingware, but not for Bancorp, Your Honor. I think in Bancorp that motion may have existed. But that the primary condition that the Supreme Court pointed to was voluntary action. And the only other thing I would say on this, Your Honors, is that there are two circuit opinions, which hold that where an agency rescinds a challenge policy at issue, vacater is not warranted. And I would just point the court to those opinions because there are opinions in the circuit that are totally on all fours with rejecting vacater in these circumstances. Your position is that if we don't vacate, that you would agree to the terms that the district court's judgment does not have preclusive or coercive effect. Yes, Your Honor. What does that mean? What coercive effect do you have in mind? So I would rely on the government's representations because the government is the party that has indicated that the judgment may have a coercive effect. And I believe that the government's argument there is that the injunction could be read by future plaintiffs to apply to a future time and service requirement. I don't think that the injunction can be read that way. The government has also said in its briefing that they don't believe it should be properly read that way. Only that future plaintiffs might read the judgment that way. The injunction, I think, is quite clearly tied to the specific time and service requirements in the challenged policy. So the coercive effect would be on any formulation that changed the rule with respect to time of service before one can be declared honorable? Well, Your Honor, I don't think the injunction could have that ongoing effect on a future time and service requirement, simply because the injunction states that the government is enjoined from withholding an honorable service certification from a class member based on the time and service requirements in the specific policy. So we don't believe that the injunction has a coercive effect on any future requirement. What about a preclusive effect? What is that? So the government's representations about preclusive effect had to do with the possibility of a collateral estoppel effect, and that's based on the government's reading of the class certification order. The government argues that the class may be considered open because the class definition applies to individuals subject to Section 1 of the challenged policy, and not all aspects of Section 1 were challenged by the plaintiffs below. But I would note, Your Honor, that the government's interpretation of the class certification order is really based on a truncated reading, because the class is actually comprised of two subclasses. And when you read the definition of the two subclasses, those involve individuals who are subject to the time and service requirements in the specific order. So our position is that since the time and service requirements no longer exist, there are no longer any individuals entering the two subclasses. What about a precedential effect? And the whole point of Bancorp was that the district court's order would have precedential effect, and the defendant who lost and then mooted the case cannot have any complaint about that, because they're the ones that took the action that prevented appellate review. So if this judgment is not vacated, under your view, even if you put preclusive and coercive, it still could have precedential effect, is that right? I don't believe so, Your Honor, simply because district court orders are not binding on any other judge and don't serve as binding precedent. And the judgment and order in this case is just so narrowly tied to the specific time and service requirements, and so therefore we don't believe that there would be any precedential effect on any future district court decision on a future time and service requirement. We have the authority to say that a judgment of a district court that we haven't vacated shall have no precedential effect? Where do we get that? I know of no order coming out of a court of appeals that ever did that. I'm not sure that that principle needs to be stated, Your Honor, simply because district court decisions don't have binding precedential effect. And so I, too, cannot think of a particular case that stands for that principle. It seems to me all of these issues are just matters for future litigation, like whether it has any kind of preclusive or coercive effect. It would just be litigated for whatever court that came before. Somebody would say this is preclusive or coercive, and the other side would say, no, it's not. I don't know why that's an issue for us to even consider. I mean, we completely agree, Your Honor, and I actually don't think that any future plaintiffs would argue that the class certification order exerts a preclusive effect or that the injunction exerts a coercive effect moving forward. I think that the slate would be wiped clean if the government were to issue new time and service requirements and there were to be a future challenge to those requirements. So the best argument for not vacating the district court order would be what? The best argument I would rely, again, simply on Bancorp, Your Honor, and the principle that the principle condition the court should look to is whether the party seeking relief from the judgment below mooted the action through their own voluntary action. And I think it's clear that the court excuse me, the government did so here. And I'll just point to the two cases in the circuit which have held similarly. The first is IAV Garland, which is a 2002 case and Center for Science in the Public Interest versus Reagan, which is a 1984 circuit case. Thank you. If your honors have no further questions on mootness, I will briefly address the merits. Judge Pan, you asked about the textual argument. And I think here the parties agree that the key textual term is served honorably. And the parties also agree that it's a term of art that's not defined in the statute. And but nobody can forfeit the plain reading of a statute. And it's now our job to determine the best reading of the statute. And if the court thinks that what we are interpreting here is the secretary shall determine. Yes, your honor. But the secretary shall determine whether someone served honorably. And we think here that the appropriate approach is based on the instruction in George v. McDonough, which is a 2022 Supreme Court case, which the defendants themselves cited in their brief. In George v. McDonough, the Supreme Court instructed that where Congress employs a term of art with a long regulatory practice in the specific context presented by the statute. When Congress adopts that term of art, it codifies the interpretation developed under that specific practice. When the Immigration and Nationality Act was passed in 1952 with the determined served honorably language, your honor. It ported over that language directly from the Nationality Act of 1940. And under the Nationality Act of 1940, your honor, tens of thousands of non-citizens were determined to have served honorably at the beginning of their service with no time and service requirements during World War II. And we therefore believe that when Congress adopted that language again in 1952, it codified that interpretation. And does that mean it has to be that way or is it that the secretary had discretion to determine this and determine that that was enough time at that time? But that doesn't mean they can't change. I have two responses to that, your honor. The first is that George v. McDonough is clear that Congress codifies that interpretation, the historical meaning. And in fact, in that opinion, the Supreme Court stated that it's not the question of what the text. What do you think has been codified that it can be done in a day? It can be done in 30 seconds. It can be done in what has been codified. Yes. What has been codified is that the Department of Defense determines when the service member presents their request for honorable service certification. And this is only during a period of armed conflict. The Department of Defense must make that determination. And I would just note that the Department of Defense has made this. So the the applicant can can anytime the applicant wants to apply sets the time limit. The applicant does not set the time limit. I would just note that the Department of Defense has had a consistent practice for a century of doing this. No, I understand. Yes. You're allowed to do what they have done. Yes, Your Honor. Yes. Our interpretation under George George v. McDonough is that the historical understanding fixes what the authority of the Department of Defense has. And the historical understanding is that when a service member submits their honorable service certification for in order to be in order to determine whether or not they're eligible for naturalization, the statute does not authorize the department to fix a minimum period of time before they may can before they can receive the determination. Get off the bus at basic training and present these papers. And yes. And indeed, they have hundreds of thousands of non-citizens have been able to receive their honorable service certifications this way. And the military has had a consistent practice for making that determination. In the unrelated case of Kiowa, the district court. I guess I'm what I struggle with is how do they make a determination that the service was honorable if there has been no time to do that? Yes. So in Kiowa, the district court explained what the unrebutted facts showed about what that practice consisted of, Your Honor. And that practice consisted of looking at a service member's record at the moment that the request was made and determining if they were serving active duty or selected reserve, if they had valid dates of service that fell within Section 1440, and if there was any immediate past derogatory information. The other. So you think there's a presumption that the service is honorable? I don't think there's a presumption, Your Honor. It's looking at the record at the time that the request is made. So you're saying it's honorable as long as there's nothing that says it wasn't? Yes, Your Honor. That seems to me to be a presumption that it was unless it's proved otherwise. I'm not sure I would describe it as a presumption, Your Honor. I would describe it as simply looking at the record at that time, the service member's record and determining if there is any information warranting denial of honorable service certification. I would just make two other points that are contextual because, of course, text must be read in context. The first is that Section 1440 is one of two naturalization provisions. Section 1439 is a companion provision, and it provides that in peacetime, non-citizens are eligible to apply for naturalization after having served a year. And we believe that Congress clearly indicated a minimum period of service in one provision and not in another. And that lends itself to the conclusion that Congress omitted deliberately a prescription of a minimum period of service. And the last point I would just make is that this is a naturalization statute, and Congress gets to set the rules for who is eligible for naturalization and when. And it certainly could not have intended the department to substantively amend this priority lane for citizenship that it created for non-citizens serving during armed conflict. But that is exactly what the department is seeking to do. Under the challenged policy itself, it would have completely effaced the Section 1440 pathways to citizenship for selected reservists. One portion of the class by making them wait one year, which is the same time under peacetime as in armed conflict, before they could seek citizenship. And on appeal, their position is even more extreme, which is that they would like to align the service characterization at discharge policy with the honorable service certification at naturalization policy, which would require all service members to wait a minimum of one year. Again, that would completely obliterate Section 1440 pathway to citizenship. 180 days would not. It would obliterate or it would have faced Congress's intent. I think the legislative history is clear that what Congress intended as clearly as one year, one year clearly, I think, would. Yes, Your Honor. Yes, Your Honor. I mean, at some point, isn't it sort of an arbitrary and capriciousness question? I mean, I think our position, Your Honor, is that as that Congress made it clear that service members should not be subject to a minimum period of time and that the reason for that was that they wanted service members to be able to deploy as citizens. And in the administrative record, the military states itself that any service member is subject to potential assignment to a war zone after graduating from basic training, which is only 10 weeks. That is far shorter than the 180 days minimum that was set out in the challenged policy. Could they set a limit that allows them to be naturalized by the end of basic training? I don't believe they could set a limit, Your Honor, based on what the based on what the statute authorizes, which is no minimum service period of service imposed. I want to take you back to the mootness question, because there's a couple of threads that seem to me to be hanging. And I want to make sure I understand on the voluntary secession doctrine or exception to mootness. You say it doesn't apply if the actor is not mooting the case for the purpose of avoiding litigation. And you say that the defendants here did not institute this guidance, new guidance, for the purpose of avoiding litigation. How do you know that? I think there are two pieces of evidence that suggest that the government did not act to avoid litigation. The first is that the government does not oppose mootness. And in public citizen, the court pointed to that as a factor. And then the other piece of evidence is that in the intervening period, the department has actually taken proactive steps to move away from the rescinded policy, which is just not. The main piece of evidence is that the government is arguing the case isn't moot. But there's another aspect of the voluntary succession doctrine, and that says that if it did apply, it applies because the defendant, the losing defendant, could institute the policy again. Does that seem inconsistent with the Supreme Court's standing doctrine? The standing doctrine requires that the harm be imminent. But on this mootness doctrine, there's no time limit on when. I mean, for all we know, the government five years from now will be instituting. But that's not imminent harm. I mean, aren't they inconsistent? Yes, Your Honor. That's an interesting doctrinal question. I believe, Your Honor, in laid law, the Supreme Court discussed how the description of mootness as standing set at a later time frame is actually not entirely on point. Justice Ginsburg. Yes, Your Honor. And I think what the court pointed to there was when considering mootness, there are other considerations at play, which is why some of these exceptions come in and why there's this question about is it there a likelihood that the that the behavior could resume? And that's because there are all these litigation resources that have been expended to that date so that it might make sense for a higher court at that point to potentially see if it might hold on to the case, if it is likely that the challenge conduct may resume. Thanks. Thank you, Your Honor. Thank you, Your Honor. I just have a couple of quick points. I'd like to make two on mootness and one quickly on the merits. First on mootness, I think if the court does believe this case is moot, then Munsingwear-Vacator is absolutely warranted here. Munsingwear itself describes vacator as the established practice and circumstances where a case becomes moot before appellate review can be had. And we cite at page 16 of our supplemental brief three recent Supreme Court cases where the court vacated lower court judgments in circumstances where the government had rescinded the policy in question, sort of mooting the case. I think those really undermine the case. What case did you mention? So there's three that we cite at page 16 of our supplemental brief. One is Biden against feds for medical freedom. One is, I think, Mayorkas against Innovation Law Lab, and one is Yellen against U.S. House of Representatives. In all three cases, all in the last four years or so, the government lost below, rescinded the challenge policy for reasons unrelated to litigation, and the Supreme Court mooted, I think, at least in some of those cases, over objections like those I've heard from friends on the other side today, that that sort of voluntary action shouldn't undermine court support of vacator. And I think the reason for that, as we explain our supplemental brief, is that just as an equitable matter, it's not appropriate to force the government to choose between keeping a policy they would like to rescind for policy reasons unrelated to litigation and having to forego appellate review of a judgment that may hamper the government's ability to exercise its policy discretion moving forward. What were the policy judgments unrelated to this litigation that led to the new guidance? So the memo rescinding the guidance is in the record, Your Honor. It's not a particularly long memo. I think the department made the determination that it did not wish to enforce the time and service requirements at this point. I mean, I think that's a determination that could change. But I don't think there's any suggestion that that was sort of an attempt to move to litigation. Obviously, we're here saying that we don't think the litigation is moot. And then the other quick piece, I'll say, on mootness is I think I don't find I've read the memo and I don't find any reasoning. As the memo is quite short, the department was rescinding the requirements. And it cites the this litigation. It does mention that this litigation is ongoing. I think two things. One is, if you think that this is sort of an attempt to gain the litigation, I think that would sort of trigger the voluntary cessation doctrine and under which there will be a much higher standard to find mootness in the first place. And so I think it would be inappropriate to say, you know, the government's rescission is sufficiently unrelated to the litigation not to trigger voluntary cessation to keep the case alive, but sufficiently related to the litigation to say that we don't get the benefit of once and where. I think one way or the other, either the court should decide the case, or it should make it to judgment below. And like I said, I don't think we have a particularly strong preference between those two options. But we do think that either one is required. And the other thing I'll say is, I think the classification definition and the terms of the injunction are a little bit unclear. I think we have a reasonable concern that the injunction continues to have course of effect on the department. As recently as October, the plaintiffs tried to, why isn't that a matter just for future litigation? I think the both of these are I mean, one is, I think, if the injunction does have that sort of ongoing effect, I'm not sure how the court would say the cases. I mean, we say Sarko in a brief. It just seems to me that you're saying possibly people will argue that the injunction is in effect, even though it seems to apply just to the particular policy that was in effect at that time, which has been send it. But you're saying somebody could argue in the future that this continues to have potential or corrosive effect. It just seems to me that you would just litigate that before whatever court you're in front of. So I think there's two pieces of the injunction, your honor. So one piece we think applies only to the minimum service requirements. That's the reason says you can't force them. There's another piece that says the government has to sort of certify or return form and four to six is as expeditiously as possible. And in any case, within 30 days, sort of limited to the class members. And so that that part, you don't have a problem with you're doing that anyway. We are trying our best to do that. I think we certainly have a problem with sort of being subject to an ongoing injunction that we have to comply with on pain of contempt. And that's not just for the class members, though, that are the subject of litigation. The injunction is just for the class members. That piece of the injunction is just for the class members. The sort of policy more generally is to try and return within 30 days if we can. Yeah, I'm just saying is that policy apply beyond the class members? I think the policy applies generally. The class sort of comprises. I think everyone or just about everyone who will be subject to or who will be able to take advantage of Section 1440 at this point. So I'm not sure there's been daylight. There's a dispute about that. But either side said there's no new members of this class. Yes. I mean, I'm sort of happy to hear that. I wasn't aware of the plans have that interpretation of the class. But I think our fundamental point is that there is some degree of ambiguity in the sort of ongoing effect of the judgment and the scope of the class. If the court sort of looks at, I think, to say that this case is moot, the court would have to think that there is no ongoing sort of course of effect on the government. And so, you know, if the court thinks that, and I think our request would be that the court, I mean, a should vacate for the reason that would be that. It may not, in fact, have an ongoing course of effect, but the government thinks it does. So it's doing stuff like I just don't know how we take that into account. I mean, I think if the court thinks that the injunction has no ongoing effect, that would be a sort of necessary conclusion to dismiss this appeal as moot. And if the court says that's how we understand the injunction, I think we would be perfectly happy to hear that. What we don't want is to end up in a situation where we've sort of lost the ability to get appellate review of a judgment and injunction that we think is just absolutely erroneous on the merits. And sort of in the future, then find out that we were wrong about the ongoing effect of the judgment or about the definition of class. And so I think all of those problems are solved by just vacating the judgment under Munsingware. I think that would be the most appropriate thing. But I certainly don't think that the court could properly say we're not going to decide whether the judgment has ongoing effect, but we're going to hold that the case is moot at this point. I think sort of the no ongoing effect is a logical antecedent to the appeal being moot. If the court has no further questions, I'm happy to skip the point on the merits I was going to make. Thank you. Thank you. Case is submitted.
judges: Henderson; Pan; Randolph